IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD SCOTT,

      Plaintiff,               No. 2: 10-cv-1664 WBS KJN P

   vs.

C/O SANCHES, et al.,

      Defendants.      <u>ORDER</u>

_____/

          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

1 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

2 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

3 as true the allegations of the complaint in question,  id., and construe the pleading in the light

4 most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

5         On February 16, 2010, plaintiff filed the original complaint.  On March 24, 2010,

6 plaintiff filed the amended complaint.  Accordingly, the undersigned will screen the amended

7 complaint.  Fed. R. Civ. P. 15(a).

8         Named as defendants are Correctional Officers Sanches, Kelso and McDonald.

9 The gravamen of this action is plaintiff's claim that defendant Sanches confiscated plaintiff's

10 personal property, which was subsequently lost.

11         The United States Supreme Court has held that "an unauthorized intentional

12 deprivation of property by a state employee does not constitute a violation of the procedural

13 requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

14 postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

15 Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional

16 deprivations constitute actionable violations of the Due Process Clause.  An authorized

17 deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

18 Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of

19 Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

20         In the instant case, plaintiff has not alleged any facts which suggest that the

21 deprivation was authorized.  Rather, plaintiff suggests that his property was lost due to

22 mishandling by defendant Sanches.  The California Legislature has provided a remedy for tort

23 claims against public officials in the California Government Code, §§ 900, et seq.  Because

24 plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on

25 the claim that the state deprived him of property without due process of the law.  The court

26

1  concludes that this claim must, therefore, be dismissed as frivolous.  See 28 U.S.C. § 1915(e)(2).

2  Attached to plaintiff's amended complaint is a copy of the Director's Level

3  Decision denying plaintiff's third level appeal.  According to this decision, plaintiff's property

4  was confiscated by defendant Sanches when plaintiff was placed in the Behavior Management

5  Unit.  When he inventoried the property, defendant Sanches determined that most of it was non-

6  allowable.  The property was then donated.  Plaintiff claimed that he had an electric razor in his

7  property, but prison officials determined that this claim was false as plaintiff's property inventory

8  did not include a razor when he arrived at High Desert State Prison.  The facts, as summarized in

9  the Director's Level Decision, suggest that the deprivation of plaintiff's property was authorized.

10  As stated above, an authorized, intentional deprivation of property is actionable

11  under the Due Process Clause.  Hudson v. Palmer, 468 U.S. 517, 532 n. 13 (1984) (citing Logan

12  v. Zimmerman Brush Co., 455 U.S. 422 (1982)).  "'Ordinarily, due process of law requires

13  [notice and] an opportunity for some kind of hearing prior to the deprivation of a ... property

14  interest.'"  Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir. 1995) (internal quotations

15  and citations omitted). "However, when the action complained of is legislative in nature, due

16  process is satisfied when the legislative body performs its responsibilities in the normal manner

17  prescribed by law." Id.  "[G]overnmental decisions which affect large areas and are not directed

18  at one or a few individuals do not give rise to the constitutional due process requirements of

19  individual notice and hearing; general notice as provided is sufficient." Id. at 1260-61.

20  California Code Regs. tit. 15, § 3191 provides that an inmate shall select one of

21  the methods provided therein for disposing of personal property which is unauthorized pursuant

22  to subsection (b) and sections 3006 and 3190.  According to the Director's Level Decision,

23  plaintiff refused to sign a receipt for his confiscated property.

24  Assuming the deprivation was authorized and intentional, plaintiff does not allege

25  what due process he was entitled to that he did not receive.  For this reason, the undersigned does

26

4

1    not find that plaintiff has stated a colorable due process claim based on an intentional and

2    authorized deprivation of his property.[1]

3              For the reasons discussed above, plaintiff's amended complaint is dismissed with

4    leave to amend.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

5    conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

6    Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

7    how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

8    unless there is some affirmative link or connection between a defendant's actions and the

9    claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

10   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

11   participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

12   268 (9th Cir. 1982).

13             In addition, plaintiff is hereby informed that the court cannot refer to a prior

14   pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

15   an amended complaint be complete in itself without reference to any prior pleading.  This

16   requirement exists because, as a general rule, an amended complaint supersedes the original

17   complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

18   complaint, the original pleading no longer serves any function in the case.  Therefore, in an

19   amended complaint, as in an original complaint, each claim and the involvement of each

20   defendant must be sufficiently alleged.

21             Plaintiff has requested the appointment of counsel.  The United States Supreme

22   Court has ruled that district courts lack authority to require counsel to represent indigent

23   prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

24

25             [1]  The Director's Level Decision also states that plaintiff has a history of claiming lost
26   property in order to be compensated.

5

1    certain exceptional circumstances, the court may request the voluntary assistance of counsel

2    pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991);

3    <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

4    does not find the required exceptional circumstances.  Therefore, plaintiff's request for the

5    appointment of counsel is denied.

6            In accordance with the above, IT IS HEREBY ORDERED that:

7            1.  Plaintiff's motion to proceed in forma pauperis (Dkt. No. 11) is granted.

8            2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

9    Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

10   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

11   Director of the California Department of Corrections and Rehabilitation filed concurrently

12   herewith.

13           3.  Plaintiff's amended complaint is dismissed.

14           4.  Within thirty days from the date of this order, plaintiff shall complete the

15   attached Notice of Amendment and submit the following documents to the court:

16               a.  The completed Notice of Amendment; and

17               b.  An original and one copy of the Second Amended Complaint.

18   Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights

19   Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended

20   complaint must also bear the docket number assigned to this case and must be labeled "Second

21   Amended Complaint."  Failure to file an amended complaint in accordance with this order may

22   result in the dismissal of this action.

23   ////

24   ////

25   ////

26

5.  Plaintiff's motion for the appointment of counsel (Dkt. No. 10) is denied.

DATED:  August 12, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sc1664.14

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HOWARD SCOTT,

11          Plaintiff,                    No. 2: 10-cv-1664 WBS KJN P

12      vs.

13   C/P SANCHES, et al.,                 NOTICE OF AMENDMENT

14          Defendants.

15   _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18          _____      Amended Complaint

19   DATED:

20

21

22

23                              _____

24                              Plaintiff

25

26
                              8