IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD SCOTT,

        Plaintiff,                          No. 2: 10-cv-1664 WBS KJN P

       vs.

C/O SANCHES, et al.,

        Defendants.                 <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed August 13, 2010, plaintiff's first amended complaint was dismissed and thirty days leave to file a second amended complaint was granted.[1] Thirty days passed and plaintiff did not file a second amended complaint. Accordingly, on September 22, 2010, the undersigned recommended that this action be dismissed.

        On October 18, 2010, plaintiff filed objections to the findings and recommendations. Plaintiff claims that he did not receive the August 13, 2010 order. On that date, plaintiff also filed a second amended complaint. Good cause appearing, the findings and recommendations are vacated. Because plaintiff allegedly did not receive the August 13, 2010

---

[1] Plaintiff filed the first amended complaint before the court screened the original complaint.

1

order addressing the defects in the first amended complaint, the undersigned will screen the second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept

as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The only named defendant is Correctional Officer Sanchez. Plaintiff alleges that defendant Sanchez confiscated his television, hot pot, ten CDs and electric razor, but failed to prepare a property inventory sheet. When plaintiff sought return of the property, it could not be found. Plaintiff later learned that his property was donated.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Plaintiff does not claim that defendant Sanchez was not authorized to initially confiscate his property. Rather, plaintiff challenges defendant Sanchez's failure to prepare an inventory form following the confiscation, which apparently caused plaintiff's property to be improperly donated. In essence, plaintiff alleges that defendant Sanchez acted negligently in his handling of the property after properly confiscating it. Negligent deprivations of property by a state official do not constitute a due process violation if a meaningful post deprivation remedy is available. Hudson, 468 U.S. at 533.

The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Because plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state

deprived him of property without due process of the law. For these reasons, plaintiff's claim is legally frivolous.

Because plaintiff allegedly did not receive the August 13, 2010 order dismissing the amended complaint with leave to amend, he will be given one final opportunity to file a colorable complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The September 22, 2010 findings and recommendations (Dkt. No. 15) are vacated;

2. The second amended complaint (Dkt. No. 17) is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The third amended complaint must also bear the docket number assigned to this case and must be labeled "Third Amended Complaint."  Failure to file a third amended complaint in accordance with this order may result in the dismissal of this action.

DATED: December 8, 2010

_____  
KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

sc1664.56

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD SCOTT,

     Plaintiff,                              No. 2: 10-cv-1664 WBS KJN P

     vs.

C/O SANCHES, et al.,                     <u>NOTICE OF AMENDMENT</u>

     Defendants.

_____/

     Plaintiff hereby submits the following document in compliance with the court's order filed _____:

     _____     Third Amended Complaint

DATED:

                                                       _____

                                                       Plaintiff