IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD SCOTT,

    Plaintiff,                    No. 2: 10-cv-1664 WBS KJN P

    vs.

C/O SANCHES, et al.,

    Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's third amended complaint filed June 6, 2011. For the following reasons, the undersigned finds that the third amended complaint fails to state a colorable claim for relief and recommends that this action be dismissed.

        The only named defendant is Correctional Officer Sanches. The allegations in the third amended complaint are substantially similar to those made in the previous complaints. Plaintiff again alleges that defendant Sanches confiscated his television, hot pot, CDs and electric razor, but allegedly failed to prepare a property inventory sheet. When plaintiff sought return of the property, it could not be found. Plaintiff later learned that the property had been donated.

////

////

1          The United States Supreme Court has held that "an unauthorized intentional
2  deprivation of property by a state employee does not constitute a violation of the procedural
3  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
4  postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).
5  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional
6  deprivations constitute actionable violations of the Due Process Clause.  An authorized
7  deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
8  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of
9  Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).
10         In the instant case, plaintiff has not alleged any facts suggesting that the
11 deprivation was authorized.  Rather, plaintiff suggests that his property was lost due to
12 mishandling by defendant Sanches.  The California Legislature has provided a remedy for tort
13 claims against public officials in the California Government Code, §§ 900, et seq.  Because
14 plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on
15 the claim that the state deprived him of property without due process of the law.  The
16 undersigned concludes that this claim must, therefore, be dismissed as legally frivolous.  See 28
17 U.S.C. § 1915(e)(2).
18         Attached to plaintiff's third amended complaint is a copy of a first level appeal
19 decision partially granting plaintiff's first level appeal. (Dkt. 29 at 27.)  According to this
20 decision, plaintiff's property was confiscated when he was placed in the Behavior Management
21 Unit ("BMU"). (Id., at 31-33.)  The property was confiscated because it was not allowed in the
22 BMU. (Id.)  Because plaintiff refused to sign a receipt for his property, the property was donated
23 per institutional policy and procedure. (Id., at 33.)  The facts, as summarized in the First Level
24 Appeal decision, suggest that the deprivation of plaintiff's property was authorized.
25 ////
26 ////

An authorized, intentional deprivation of property is actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532 n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)). "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing prior to the deprivation of a ... property interest.'" Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir. 1995) (internal quotations and citations omitted). "However, when the action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law." Id. "[G]overnmental decisions which affect large areas and are not directed at one or a few individuals do not give rise to the constitutional due process requirements of individual notice and hearing; general notice as provided is sufficient." Id. at 1260-61.

California Code Regs. Title 15, § 3191 provides that an inmate shall select one of the methods provided therein for disposing of personal property which is unauthorized pursuant to subsection (b) and sections 3006 and 3190. According to the First Level Appeal, plaintiff refused to sign a receipt for his confiscated property.

Assuming the deprivation was authorized and intentional, plaintiff does not allege what due process he was entitled to that he did not receive. For this reason, the undersigned does not find that plaintiff has stated a colorable due process claim based on an intentional and authorized deprivation of his property.

Because plaintiff has been unable to cure the pleading defects discussed above, despite being given multiple opportunities to do so, the undersigned recommends that this action be dismissed for failing to state a claim upon which relief may be granted.

Accordingly IT IS HEREBY RECOMMENDED that this action be dismissed for failing to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written

1  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

2  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

3  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

4  F.2d 1153 (9th Cir. 1991).

5  DATED:  June 13, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sc1664.56

4